IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID RIPLEY,

    Plaintiff,                              14cv0075

                                         **ELECTRONICALLY FILED**

    v.

SODEXO, INC.,

    Defendant.

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 26)

### I. Introduction

This case centers on alleged discrimination by Defendant, Sodexo, Inc., during Plaintiff's employment because of his race (African-American). Doc. No. 1-2. Plaintiff has advanced three causes of action against Defendant. Namely: Count I: race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); Count II: race discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"); and Count III: wrongful discharge in violation of the Pennsylvania Criminal History Record Information Act ("PCHRA"). Count I confers jurisdiction in this Court based upon a federal question. Counts II and III are pendent state law claims.

Defendant has moved this Court to grant judgment in its favor as to each of Plaintiff's claims. Doc. No. 26. Plaintiff opposes this Motion in its entirety. Doc. Nos. 30, 31. After consideration of Defendant's Motion for Summary Judgment and associated filings by both

Parties, Defendant's Motion for Summary Judgment (Doc. No. 26) will be GRANTED IN PART AND DENIED IN PART.

## II. Statement of Facts

The following facts are material to the disposition of Defendant's Motion for Summary Judge and are undisputed by the Parties:

In February 2011, Plaintiff, an African American male, completed and signed an employment application to be considered for employment by Sodexo. Doc. No. 31, ¶ 1. The application includes a notice that "Sodexo provides equal employment opportunity without regard to race, color, religion, sex, pregnancy, national origin, ancestry, citizenship, age, marital status, disability, veteran status, sexual orientation, or any other basis protected by law." Id. at ¶ 2. Any applicant must read and affirmatively acknowledge that:

> the information that I have provided is accurate to the best of my knowledge and subject to verification by Sodexo. I understand and agree that any misrepresentation or omission of fact in my application, in any supplement thereto, during any interview, or in any other employment-related records supplied or completed by me, shall be grounds for rejection of my application for employment or, if employed, for termination of my employment with Sodexo, regardless of the amount of time elapsed before discovery.

Id. at ¶ 3. Plaintiff affirmatively acknowledged this provision. Id. Plaintiff was required to complete a section that asked whether the applicant had "ever been convicted of a crime" by checking "Yes" or "No Record." Id. at ¶ 4. The application stated that "[a]ll applicants may answer No Record if a conviction has been sealed, pardoned, expunged, annulled, statutorily eradicated or dismissed upon condition of probation. A conviction will not necessarily disqualify you from employment with Sodexo." Id. at ¶ 5. Plaintiff checked "No Record." Id..

Plaintiff was offered employment by Sodexo and accepted the offer of a position in food service on April 15, 2011. Id. at ¶ 6. On August 10, 2012, Plaintiff executed an Authorization to

Submit to Criminal Background Check so that Defendant could instruct the Federal Bureau of Investigation ("FBI") to complete a background check. Id. at ¶ 7. The Authorization required Plaintiff to provide information about any criminal convictions that had been listed on the employment application. Id. at ¶ 9 ("If you listed any criminal conviction information on the application (consistent with the state disclosure limitation), please provide the same information here . . . Date, place, nature of conviction(s): [intentionally left blank]." Id. Plaintiff, by signing the Authorization, represented that he understood that "if [he] refused to provide any information requested on the following page(s), or provide[d] false information, [he] will not be hired, or if employed, [he] may be terminated from employment." Id. at ¶ 8. Plaintiff did not list any criminal convictions on the Authorization. Id. at ¶ 10.

In October 2012, the FBI completed a background investigation of Plaintiff's criminal record at Sodexo's request. Id. at ¶ 11. The background check indicated that Plaintiff had been convicted of aggravated assault in September 1975 and had pled guilty to retail theft in November 1992. Id. at ¶ 12, Doc. No. 31-4. On November 9, 2012, Plaintiff was terminated; the cited reason was "Unable to successfully pass background check clearance – Falsification of Documentation." Id. at ¶ 13, Doc. No. 29-1. ("New background check requirements are part of the amendment to our contract with the University of Pittsburgh and are part of the University guidelines. David falsified his employment application.").

Additionally, Plaintiff sets forth the following facts in his Responsive Concise Statement of Facts (Doc. No. 31-1):

- The employment application is vague and does not adequately define important factors;
- Plaintiff did not list his 1975 conviction because he believed that it had been expunged;

3

- Plaintiff did not list his 1992 conviction because he believed that it was not a "conviction" because he pled guilty and because it was over 20 years old; and
- The FBI Background checks undertaken by Defendant in October 2012 discriminated against African-Americans because they had a disparate impact on the basis of race. Of the 475 employees who were investigated, 300 (63%) were African-American. Five employees were affected by the background checks, four of whom were African-American (80%).

Although not set forth by Plaintiff in his Responsive Statement of Facts, Plaintiff also alleges that:

- Defendant subjected its employees to yearly background checks;
- The FBI background check was first used by Defendant as a method of performing yearly background checks in 2012;
- Plaintiff passed all of the previous yearly background checks given by Defendant;
- Plaintiff's job did not allow him access to any privileged student information or to have direct contact with students; and
- The FBI background check is not job related and is not a business necessity.

See Doc. No. 1-2.

**III. Standard of Review**

The Court shall grant summary judgment if, drawing all inferences in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010); *Manolovich v. Park*, 461 Fed. Appx. 187, 190 (3d Cir. 2012).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Smith v. Borough of Dunmore*, 516 Fed. Appx. 194, 200 (3d Cir. 2013). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)). *Estate of Beim v. Hirsch*, 121 Fed. Appx. 950, 953 (3d Cir. 2005).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible

5

evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Gallup v. Clarion Sintered Metals, Inc.*, 489 Fed. Appx. 553, 555 (3d Cir. 2012); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

**IV.  Discussion**

Plaintiff alleges in Counts I and II that Defendant's employment practices were discriminatory based on race. Defendant seems to concede that Plaintiff has advanced sufficient facts to make a *prima facie* case for discrimination, but argues that Plaintiff has failed to present evidence to rebut its proffered non-discriminatory business reason for his termination (Plaintiff falsified evidence on his application). Doc. No. 27; *See McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 252 (1981). In support, Defendant cites case law from District Courts within this Circuit in which summary judgment was granted in a defendant's favor where the plaintiff did not offer evidence that non-African Americans were not similarly treated by the defendant. *See Boyd v. Citizens Bank of Pennsylvania, Inc.*, 2014 WL 2154902 (W.D. Pa. May 22, 2014); *Nelson v. DeVry, Inc.*, 2009 WL 1213640 (E.D. Pa. Apr. 23, 2009).

The record in this case is undisputed in many respects. However, it appears that the Parties dispute whether that the alleged reason for Plaintiff's termination was the existence of his convictions or falsifying his application. See Doc. No. 27, 5 (" . . . Plaintiff was discharged for

6

misrepresenting that he had any prior criminal convictions, irrespective of the nature of his past convictions."); Doc. No. 31-1, ¶ 6 ("Plaintiff disagrees he was terminated for falsifying his Application. Plaintiff agrees that he was discharged for failing to pass the new FBI Background Check.").

The issue before this Court is whether Plaintiff has advanced sufficient evidence such that a reasonable jury could find that the proffered reason for Plaintiff's termination, failure to pass the FBI background check or falsification of his background check information, was pretext for his termination, and the FBI background checks disproportionally affected African Americans. Based upon the record, the Court finds that a reasonable jury could make this determination.

Although sparse, when viewed in the light most favorable to Plaintiff, as the non-moving party, Plaintiff has advanced evidence from which a reasonable jury could find that: he reasonably did not list his two prior convictions on his application or Background Check and therefore, he did not falsify his application; Defendant chose to institute an unnecessary FBI background check even though it already conducted background checks on employees; and African Americans were disproportionately affected by the unnecessary FBI background checks. See Doc. No. 31.

Further, there are genuine issues of material fact that must be resolved by a jury. If Plaintiff was terminated because he "falsified his application" as claimed by Defendant, a genuine issue of fact exists as to whether Plaintiff knew or should have known that he should have included his previous convictions on the application. Credibility determinations will need to be made as to Plaintiff's contention that he did not list his previous convictions because he believed that they were expunged and/or were too distant in time to be relevant because the

employment application specified that all answers must be "accurate to the best of [Plaintiff's] knowledge" rather than "must be accurate" or some other qualifier. Doc. No. 31-3.

Therefore, because genuine issues of material fact exist and a reasonable jury could find for Plaintiff on his discrimination claims, Defendant's Motion for Summary Judgment (Doc. No. 26) will be denied as to Counts I and II.

As to Count III, Plaintiff's claim that his termination violated the PCHRA, the Court agrees with Defendant that such a claim is inapplicable here where the criminal history information was allegedly used to terminate an employee because the PCHRA is relevant to the hiring of a potential employee, not the termination of an employee. See 18 Pa. Cons.Stat. Ann. § 9125; *Dean v. Specialized Sec. Response*, 2011 WL 3734238 at * 15 (W.D. Pa. Aug. 24, 2011); *Negron v. Sch. Dist. of Philadelphia*, 2013 WL 3953866 (E.D. Pa. Aug. 1, 2013). Therefore, summary judgment will be entered in Defendant's favor as to Count III-wrongful discharge in violation of the PCHRA.

**V.    Order**

Based on the foregoing, the following Order is entered:

AND NOW, this 29th day of August, 2014, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion for Summary Judgment (Doc. No. 26) is **GRANTED IN PART AND DENIED IN PART**;

2. Defendant's Motion for Summary Judgment is **DENIED as to Counts I and II**- race discrimination in violation of Title VII and the PHRA;

3. Defendant's Motion for Summary Judgment is **GRANTED as to Count III**-wrongful discharge in violation of the PCHRA;

4. Judgment is entered in favor of Defendant as to Count III;

5. The case will proceed to trial, scheduled to begin on December 8, 2014, as set forth in this Court's Case Management and Pretrial Orders. See Doc. Nos. 12 and 13.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties